February 10, 1939

Honorable C. E. Potet
Secretary, Railroad Commission
Austin, Texas

Dear Sir:

Opinion No. 165
Re: Authority of Railroad Com-
mission to require operation
of more than one passenger train
daily.

We are in receipt of your letter of February 6, 1939,
wherein you set forth the following facts and ask an opinion
thereon, to-wit:

"On December 29, 1938, the Commission received
an application from the International-Great Northern
Railroad Company, in which it asked for authority from
the Railroad Commission of Texas to discontinue its
Trains Nos. 19 and 20 between Fort Worth and Houston,
Texas. This matter was set down for hearing and heard
in Marlin, Texas, on January 21, 1939, at which time a
witness for the applicant presented Exhibit No. 1, show-
ing a net loss for the calendar year 1937 of $77,952.00
sustained by the applicant in connection with the opera-
tion of the trains here involved, and for eleven (11)
months, January to November, inclusive, of 1938, a net
loss of $69,768.00. There were numerous witnesses who tes-
tified that their business would suffer a loss if these
trains were removed. The testimony also showed that there
is another train each way each day over the same line upon
which Trains Nos. 19 and 20 are operated; also that there
were other modes of transportation reaching every town
that was served by these trains.

"The Commission would appreciate an early opinion
from your department as to whether it can compel the con-
tinued operation of the trains set out in the application
under the statute referred to and the circumstances here
related. You are advised that a copy of the record in the
hearing is available if you care to look into it."

Article 6479, Section 2, Revised Civil Statutes, reads as follows:

"2. It shall be the duty of the Commission to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day, Sundays excepted, upon which passengers shall be hauled; provided, however, the Commission may, in its discretion, upon application filed and after notice and hearing, relax such requirement as to any railroad, or part, portion or branch thereof, when, in its opinion, public convenience permits of such relaxation, and shall relax such requirement when it appears upon such hearing that the running of one train each day, Sundays excepted, is not necessary in the rendition of adequate service to the public, or that on any railroad, or part, or portion or branch thereof, passenger service as frequent as one train each day, Sundays excepted, with the passenger traffic offered and reasonably to be expected, does not and will not pay the cost of such service plus a reasonable return upon the property employed in the rendition of such service; and Commission shall further regulate passenger train service so as to require the stoppage of such trains, for a time sufficient to receive and let off passengers, at such stations as may be designated by the Commission; and it may further prescribe the number of trains so operated each day which shall be required to stop at County seat stations; and if such railroad, or branch of same shall operate a gasoline or electric motor car over its line, carrying passengers for hire in this State, such motor car shall be deemed a train within the meaning of this Article and shall be subject to and included within the provisions hereof."

Article 6337, Revised Statutes, reads in part:

"Every such corporation shall start and run their cars for the transportation of passengers and property at regular times to be fixed by public notice, and shall furnish sufficient accommodation for the transportation of all such passengers and property, as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting and at junctions of other roads and at sidings and stopping places established for or receiving and discharging way passengers and freight and shall take,

transport and discharge such passengers and property at, from and to such places, on the due payment of the tolls, freight or fare legally authorized therefor. Failure on the part of railroad companies to comply with the requirements of this article shall be deemed an abuse of their rights and privileges and such abuse shall at once be corrected and regulated by the Railroad Commission." . . .

Particularly in view of Article 6357, we hold that in providing that "it shall be the duty of the Commission to see that upon each railroad in this State carrying passengers for hire there shall be run at least one train each day", the Legislature did not mean to say that the Commission would not have power to order the operation of more than one train per day, regardless of the need therefor. On the other hand, in the use of such language it seems quite certain that it was the intent of the Legislature to require the operation of a minimum of one train per day (except as provided in the statute).

The operation of one train per day would be utterly inadequate in many situations. In such cases the need for the Commission's authority to require the operation of more is just as obvious as the need for authority to require the operation of one train per day.

We find the following language in the opinion of Judge Fisher, in Railroad Commission vs. G. H. & S. A. Ry. Co., 115 S. W. 545:

"We have examined the act of the Twenty-Eighth Legislature, on page 185, c. 117, of the session laws of 1903, and conclude that one of its objects was to confer upon the Railroad Commission the power to require, if the circumstances and the demands of the public require it, the operation of more than one passenger train a day each way."

In a sense the above language was dicta. However, such conclusion of the court was expressed as one of the reasons for the court's judgment.

We, therefore, answer your question by saying that the Commission can compel the operation of more than one train where

Hon. C. T. Potet, February 10, 1939, Page 4

all the facts and circumstances before the Commission show a sufficient public necessity for it. That, of course, is a question of fact.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N

APPROVED

ATTORNEY GENERAL OF TEXAS